UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WAYNE EARL LAFOUNTAIN,

       Petitioner,

Case No. 1:10-cv-783

Hon. Robert J. Jonker

vs.

KENNETH MCKEE,

       Respondent.

_____/

**ORDER TO STAY PROCEEDINGS**

Petitioner, Wayne LaFountain, a prisoner currently incarcerated at a Michigan correctional facility, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**I.    Background**

The present habeas petition does not contest petitioner's conviction or sentence. Rather, the petition arises from a major misconduct ticket issued on June 1, 2006, which charged petitioner with insolence and disobeying a direct order. *See* Major Misconduct Hearing Report (docket no. 16). On June 20, 2006, Hearings Officer Spurgis found petitioner guilty on both counts and sentenced to 7 days of toplock. *Id.* Petitioner asserts that on June 28, 2006, respondent and others issued an order to withhold petitioner's potential 5,490 days of special good time credit. Petitioner's Brief at ¶ 20 (docket no. 1-1). Petitioner also lost 15 days of good time credit, 5 days of disciplinary credit, 2 days of special disciplinary credit, and 7 1/2 days of special good time credit. Petition at ¶ 4 (docket no. 1). Petitioner attributes the loss of the various good time credits as his "sentence" for the two major misconduct violations. *Id.*

Petitioner appealed the June 20, 2006 major misconduct violations in the Ingham County Circuit Court, raising the following issues:

> I. Petitioner's Fourteenth Amendment due process rights were reversibly violated where the MDOC hearings officer denied petitioner an opportunity to be heard as mandated by state law, M.C.L. § 791.252(a), (d), as well as Prison Rule, 791.3315(1)(a)-(c), (5).
>
> II. Petitioner's major misconduct conviction must be reversed where petitioner's Fourteenth Amendment due process rights were violated as a result of the hearing officer's refusal to allow the presentation of exculpatory evidence as provided by M.C.L. § 791.252(d) (g), and MDOC Rule 791.3315(1)(b), (5)(b).
>
> III. Petitioner's Fourteenth Amendment due process rights were violated requiring the prison, misconduct guilty finding be vacated due to the denial of a fair and impartial hearing and appeal as provided for by M.C.L. § 791.252(I)(K) and Rule 791.3315(7).
>
> IV. Petitioner's major misconduct guilty finding must be vacated where petitioner's Fourteenth Amendment, due process rights were violated as a result of an MDOC practice and custom of extricating evidence of credibility and motivation, in the face of petitioner's falsification defense during the hearing.

Petitioner's Trial Court Brief (docket no. 19). Petitioner also moved for peremptory reversal of the MDOC's decision. See Motion (docket no. 17).

On May 13, 2008, Judge Collette of the Ingham County Circuit Court found that petitioner's grounds for relief were without merit and denied his motion. The Court found in pertinent part as follows:

STATEMENT OF FACTS

> On June 1, 2006, Officer Coleman, a Corrections Officer for the Michigan Department of Corrections, issned Petitioner, Wayne LaFountain, a misconduct ticket, accusing him of the following: (1) insolence (#026) and (2) disobeying a direct order. (#020). The misconduct incident occurred in the Bellamy Creek Correctional Facility's library.

Petitioner was assigned to work as a clerk at the prison's general library. His library duties consisted of date stamping books that other prisoners checked out or returned. Petitioner asked Officer Coleman if he (Petitioner) could use a typewriter. When Officer Coleman asked "which one," Petitioner said "the one on the desk." After Officer Coleman told Petitioner that there was only one typewriter on the desk and asked Petitioner if he meant the rubber stamper, Petitioner began shouting obscenities at Officer Coleman. Petitioner denies shouting these obscenities. Petitioner and Respondent differed as to whether Petitioner left the library without hesitation when he was told to or whether Petitioner refused to leave. In any case, Petitioner informed the clerk, Charlie Kester, that he had been ordered to leave, and Petitioner admitted that he informed Coleman that he was going to file a grievance against Coleman.

Petitioner requested (in writing) that a videotape recording of the library incident be admitted into evidence. Petitioner requested the videotape on June 12, 2006; however, on this date, the videotape was no longer in existence. Petitioner also requested the results of a polygraph test; however, the Hearing Officer refused to acquire this evidence, believing it to be irrelevant. Similarly, Petitioner requested records of falsehoods, work records, and misconducts by Officer Coleman; again, the Hearing Officer concluded that these records were not relevant because they would not prove or disprove the misconduct allegation. Certified Agency Record at pp 10-16. A guilty finding was then entered against Petitioner. Petitioner then timely moved for judicial review.

## ANALYSIS

### A

It is well-established that a "prisoner in Michigan is entitled to a hearing before being deprived of a right or significant privilege." *De Walt v Warden, Marquette Prison*, 315 NW2d 584 (1982). MCL 791.251(2) provides:

> (2) Except as provided in subsection (4), the hearings division is responsible for each prisoner hearing the department conducts that may result in the loss by a prisoner of a right, including but not limited to any 1 or more of the following matters:
>
> > (a) An infraction of a prison rule that may result in punitive segregation, loss of disciplinary credits, or the loss of good time.
> >
> > (b) A security classification that may result in the placement of a prisoner in administrative segregation.

3

> (c) A special designation that permanently excludes, by department policy or rule, a person under the jurisdiction of the department from community placement.
>
> (d) Visitor restrictions.
>
> (e) High or very high assaultive risk classifications.

Petitioner was issued a Major Misconduct violation for insolence and disobeying a direct order. The violation resulted in loss of rights for the Petitioner, namely seven days toplock. Therefore, Petitioner was entitled to a hearing.

### B

MCL 79L252(k) provides:

> A final decision or order of a hearings officer in a hearing shall be made, within reasonable period, in writing or stated in the record and shall include findings of fact, and shall state any sanction to be imposed against a prisoner as a direct result of a hearing conducted under this chapter. The final decision shall be made on the basis of a preponderance of the evidence presented. (Emphasis added).

After hearing the testimony and reviewing the evidence presented, the Hearing Officer refused to acquire any of the forms of evidence as requested by Petitioner. Specifically, the Hearing Officer noted that the videotape evidence no longer existed, and he affirmed the conclusion that the remaining evidence Petitioner requested was irrelevant. Thus, the Hearing Officer found Petitioner guilty of the misconduct charges. Specifically, the Hearing Officer held that Petitioner's comments to Officer Coleman were abusive and were intended to degrade Coleman. Moreover, the Hearing Officer held that when Petitioner took the time to speak with clerk Kester and a correctional officer before finally leaving the building, he failed to fully comply with a direct order. Certified Agency Record at p 1.

### C

After exhausting his administrative remedies, Petitioner is entitled to a judicial review of the final decision set forth in MCL 791.255(4), which provides:

> The review shall be confined to' the record and any supplemental proofs submitted pursuant to subsection (3). The scope of review shall be limited to whether the department's action is authorized by

4

law or rule and whether the decision or order is supported by competent, material and substantial evidence on the whole record.

After a review of the record, the Court finds that the decision of the Hearing Officer is supported by competent, material, and substantial evidence on the whole record. During the hearing, testimonies and records were introduced, and all defenses were considered. The Hearing Officer found Petitioner's arguments unpersuasive.

Petitioner contends that the videotaped recording should have been allowed into evidence, alleging that it was both material and relevant to the resolution of the misconduct accusation. Moreover, Petitioner argues that had the Hearing Officer viewed the videotape, he would have observed Petitioner leaving the library - without hesitation - when Coleman asked him to.

Despite Petitioner's contentions, courts have frequently held that a Hearing Officer's decision should be accorded deference as long as it is supported by substantial evidence on the whole record. *Campbell v Marquette Prison Warden*, 119 Mich App 377 (1982); *Russo v Dept of Licensing & Regulation*, 119 Mich App 624, 631 (1982). Also, a reviewing court must affirm the agency decision and cannot set aside findings made by a Hearing Officer "merely because alternative findings could have been supported by substantial evidence on the record.["] *In re Payne*, 444 Mich at 692, citing *Arkansas v Oklahoma*, 503 US 91, 113; 112 S Ct 1046; 117 LEd 2d 239,259 (1992). More specifically, courts have held that in judicial review of administrative hearings, a court must not substitute its judgment for that of the Hearing Officer on matters of credibility. *Reed v Hurley Medical Center*, 153 Mich App 71 (1986). Thus, the Hearing Officer's decision to exclude the videotape evidence because it lacked relevancy should be accorded deference.

In addition to the videotape evidence, Petitioner objected to the exclusion of his requests for some documents and answers to questions submitted. According to MCL § 791.252(g) (1970), the Hearing Officer must adhere to the folIowing procedures:

> The hearings officer may admit and give probative effect to evidence of a type commonly relied upon by reasonably prudent persons in the conduct of their affairs. Irrelevant, immaterial, or unduly repetitious evidence may be excluded. The reason for the exclusion of the evidence shall be entered into the record. . . .

In this case,.the Hearing Officer's report did include the reasons why evidence requested by LaFountain was excluded.

5

> Moreover, in according deference to Hearing Officers, courts have accounted for the environment surrounding prison disciplinary proceedings. Because "prison disciplinary proceedings take place in a highly charged atmosphere, and prison administrators must often act swiftly on the basis of evidence that might be insufficient in less exigent circumstances," Hearing Officers should be accorded deference for their decisions. Thus, the Hearing Officer's decision to exclude the documents in this case should be honored.
>
> **THEREFORE, IT IS ORDERED** that Petitioner's Motion for Peremptory Reversal be **DENIED**.

*LaFountain v. Michigan Department of Corrections*, Ingham Co. Cir. Ct. No. 07-1412-AA (Order Denying Motion for Peremptory Reversal) (May 13, 2008) (docket no. 18).

Petitioner filed a delayed application for leave to appeal to the Michigan Court of Appeals raising four issues:

I. Where the findings of fact and credibility conclusions of the administrative hearing officer amount to clear error and were, thereafter, perpetuated by the Circuit Court on judicial review, whether such clearly erroneous conclusions of credibility and fact must be vacated on appellate review or, alternatively, whether [petitioner's] forfeited regular and special good-time must be restored?

II. Did the hearing officer's rejection of [petitioner's] exculpatory and corroboration evidence result in a prejudicial denial of [petitioner's] statutory and constitutional right to present rebuttal evidence during the hearing?

III. Is the MDOC policy which prohibits the use of voluntary polygraph testing results during a misconduct hearing not a reasonable interpretation of statute and therefore void?

IV. Was [petitioner's] statutory and constitutional guarantee for a fair and impartial hearing violated due to an MDOC practice and custom of pre-determining credibility issues specifically on relation to [petitioner's] falsified misconduct claims?

Application for leave to appeal (docket no. 14). The Michigan Court of Appeals denied the application "for lack of merit on the grounds presented." *Wayne LaFountain v. Dept of Corrections*, No. 286996 (Dec. 2, 2008) (docket no. 14).

Then, petitioner filed an application for leave to appeal to the Michigan Supreme Court raising three issues:

> I. Whether [petitioner] was denied statutory and constitutional due process of law as a result of declaring all evidence establishing the falsification of the prison misconduct accusation as being irrelevant during the administrative and judicial proceedings occurring below?
>
> II. Where MDOC policy and practice prohibits consideration of voluntary polygraph test results, during a prison misconduct hearing, whether such policy and practice is void for failure to meet the promulgation requirements of the Administrative Procedures Act and for being in excess of the enabling statute?
>
> III. Whether [petitioner] was denied the statutory and constitutional guarantee for a fair and impartial hearing due to (A) the excision of [petitioner's] relevant, exculpatory evidence from the record, (B) clearly erroneous fact and credibility findings, (C) the hearing officer order which estopped [petitioner] from making oral argument and objection regarding falsification evidence, and (D) a well-established MDOC practice and custom of requiring hearing officers to resolve credibility issues in favor or accusing corrections officers?

Application for leave to appeal (docket no. 15). The Michigan Supreme Court denied the application because it was not persuaded that the questions presented should be reviewed by the court. *Wayne LaFountain v. Department of Corrections*, No. 138040 (Mich. Aug. 6. 2009) (docket no. 15).

While the state court appeal was pending, LaFountain filed a separate civil rights action pursuant to 42 U.S.C. § 1983, which sought relief against a number of MDOC employees for retaliation and an alleged conspiracy to deprive him of his good time credits which extended over

a number of years. *See LaFountain v. Coleman*, No. 1:09-cv-623 (W.D. Mich.). Petitioner's amended complaint alleged that various MDOC employees retaliated against him for the purpose of withholding 5,490 days of special good time and that they issued falsified misconduct citations for the purpose of forfeiting his disciplinary credits and withholding his 5,490 days of potential good time credits. *Id.* at pp. 30-31. Petitioner's claims included the misconduct charges at issue in this habeas action. *Id.* (Amend. Compl. at pp. 11- 22 (docket no. 5) and (Opinion at pp. 5-7) (docket no. 8). This court dismissed the civil rights action on January 1, 2010 for failure to state a claim. *Id.* (Opinion and Order) (docket nos. 8 and 9). On appeal, the Sixth Circuit affirmed the dismissal, finding that "LaFountain's challenges to his misconduct hearings and the resultant loss of 'good time' credits, affect the length of his sentence and thus are barred under [*Edwards v. Balisok*, 520 U.S. 641 (1997)] and [*Heck v. Humphrey*, 512 U.S. 477 (1994)]." *See LaFountain v. Coleman*, No. 10-1207, slip op. at 3 (6th Cir. Dec. 30, 2010).

LaFountain filed the present habeas action on August 6, 2010, while the § 1983 case was pending before the Sixth Circuit. Petitioner seeks relief on the three grounds which he litigated in the state courts as well as the retaliation claim raised in his § 1983 action (which he refers to as "vindictive prosecution"):

    I.    The misconduct charge and conviction is void for being the result of vindictive prosecution resulting in the forfeiture of petitioner's liberty interest in the form of regular and special good-time.

    II.    Petitioner was denied Fourteenth Amendment procedural due process during the prison, misconduct hearing due to the hearing officer's action of suppressing and excising from the record petitioner's exculpatory evidence.

    III.    Petitioner was denied Fourteenth Amendment procedural due process of law due to an unconstitutional MDOC policy and custom of disallowing falsification evidence as a defense during the misconduct

    hearing as a direct result of the provisions as contained within the MDOC hearings handbook.

 IV. Petitioner was denied Fourteenth Amendment procedural due process of law due to the unconstitutional MDOC practice and custom of pre-determining the credibility of [unsworn] and unsupported misconduct accusations in favor of the accusing corrections officer.

Petition (docket no. 1).

## II. Exhaustion

Where the state court has adjudicated a claim on its merits, the federal district court's habeas corpus review is limited by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which provides in pertinent part that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Before the Court may grant habeas relief to a state prisoner, however, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971), *cited in Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his

federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). However, the district court can and must raise the exhaustion issue *sua sponte*, when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39.

In his answer, respondent does not explicitly address exhaustion, but rather assumes that petitioner properly exhausted his claims in the state courts. *See* Answer at p. 11 (docket no. 9). This assumption is incorrect. The record reflects that petitioner has not exhausted Issue I, his habeas claim of retaliatory or vindictive prosecution. Petitioner's habeas claim involves a misconduct conviction which resulted in the loss of good-time credits, which is equivalent to a loss of a "shortened prison sentence." *Wolff v. McDonnell*, 418 U.S. 539, 556–57 (1974). A prisoner's challenge to a "shortened" prison sentence is a challenge to the fact or duration of confinement that is properly brought as an action for habeas corpus relief. *Preiser v. Rodriguez*, 411 U.S. 475, 487–88 (1973). However, a prisoner must exhaust available state remedies before bringing a habeas corpus action, which would include appealing the conviction through the state courts. *See* 28 U.S.C. § 2254(b)(1). Under Michigan law, a prisoner may file an application for leave to appeal the misconduct in the state circuit court. *See* M.C.L. § 791.255.

As discussed in § I, *supra*, petitioner sought review in the Ingham County Circuit Court, the Michigan Court of Appeals and the Michigan Supreme Court. However, petitioner's state court review did not raise retaliatory or vindictive prosecution as a reason for invalidating the June 20, 2006 misconduct violation. Rather, petitioner attempted to raise this claim as part of his federal § 1983 action which was dismissed approximately eight months prior to the filing of this habeas action.

Under these circumstances it appears that petitioner has an avenue to exhaust this claim. As the Court explained in *Melton v. Palmer*, No. 11-15210, 2012 WL 2343043 (E.D. Mich. June 20, 2012):

> The question now is whether Petitioner has an available state court remedy with which to properly exhaust his claims. A federal court cannot consider granting habeas relief "if there still is a potential state remedy for the state courts to consider." *See Wagner v. Smith*, 581 F.3d 410, 415 (6th Cir.2009). Petitioner has such a remedy. A number of Michigan cases have held that a writ of mandamus is an available remedy for a Michigan prisoner who challenges the computation of his sentence or claims that his sentence has expired due to the miscalculation of sentencing or good-time credits. *See In re Carey*, 372 Mich. 378, 381–82, 126 N.W.2d 727 (1964); *Lickfeldt v. Department of Corrections*, 247 Mich. App. 299, 636 N.W.2d 272 (2001) (affirming issuance of writ of mandamus by circuit court ordering the MDOC to immediately terminate prison sentence that inmate had completed); *Rhode v. Department of Corrections*, 227 Mich.App. 174, 578 N.W.2d 320 (1997) (mandamus proceeding concerning proper calculation of disciplinary credits); *Lowe v. Dep't of Corr.*, 206 Mich. App. 128, 521 N.W.2d 336 (1994) (same); *See also Ruiz v. McKee*, No.2010 WL 103682, * 1–3 (W.D. Mich. Jan. 7, 2010) (dismissing without prejudice on exhaustion grounds habeas petitioner's challenge to the computation of his sentence, specifically his maximum discharge date, when petitioner could challenge the computation of his sentence by means of mandamus); *Hughes v. Bauman*, No.2011 WL 6781019, * 2 (E.D.Mich. Dec. 27, 2011) (noting that petitioner had option of filing writ of mandamus to challenge the forfeiture of earned sentence reduction credits).
>
> Petitioner, therefore, may challenge the MDOC's calculation of his sentence and the forfeiture of his good time credits by filing a petition for a writ of mandamus in either the circuit court or in the Michigan Court of Appeals. *See* M.C.R. 3.305(A)(1); M.C.L. § 600.4401. Following the denial of the writ of mandamus by

>   the Michigan Court of Appeals, petitioner may file an application for leave to appeal with the Michigan Supreme Court within fifty six days of the Michigan Court of Appeals' decision.  *See* M.C.R. 7.301(A)(2); M.C.R. 7.302.

*Melton*, 2012 WL 2343043 at*3.

The record reflects that petitioner has not exhausted claim this claim for retaliatory or vindictive prosecution (Issue I).  As a general rule, a habeas petition containing unexhausted claims should be dismissed without prejudice.  *See Rose v. Lundy*,  455 U.S. 509, 518-20 (1982). Because petitioner has some claims that are exhausted and some that are not, his petition is "mixed." District courts are directed to dismiss mixed petitions without prejudice in order to allow petitioners to return to state court to exhaust remedies.  *Id.* at 522.  Since the habeas statute was amended to impose a one-year statute of limitations on habeas claims, *see* 28 U.S.C. § 2244(d)(1), dismissal without prejudice often precludes future federal habeas review.  This is particularly true after the Supreme Court ruled in *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), that the limitations period is not tolled during the pendency of a federal habeas petition.  In this case, the limitations period has expired, effectively precluding petitioner's ability to exhaust this claim and file a future federal habeas petition.

A district court, however,  has the discretion to stay a habeas corpus proceeding "in limited circumstances." *Rhines v. Weber*, 544 U.S. 268, 277 (2005).  A "stay and abeyance" procedure may be employed when the petitioner has filed a mixed petition. *Id.*  Under the stay and abeyance procedure, "courts now have discretion to stay a mixed habeas petition to allow a petitioner to present his unexhausted claims to the state court, and then return to federal court." *Poindexter v. Mitchell*, 454 F.3d 564, 570 n. 2 (6th Cir. 2006).  The Supreme Court cautioned that federal courts should not utilize the "stay and abeyance" procedure frequently since doing so

undermines the purpose AEDPA, which is to encourage finality and streamline federal habeas proceedings. In its discretion, a district court contemplating stay and abeyance should stay the mixed petition pending prompt exhaustion of state remedies if there is "good cause" for the petitioner's failure to exhaust, if the petitioner's unexhausted claims are not "plainly meritless" and if there is no indication that the petitioner engaged in "intentionally dilatory litigation tactics." *Rhines*, 544 U.S. at 277-78. If the district court determines that a stay is inappropriate, it must allow the petitioner the opportunity to delete the unexhausted claims from his petition, especially in circumstances in which dismissal of the entire petition without prejudice would "unreasonably impair the petitioner's right to obtain federal relief." *Id.*

Here, petitioner attempted to raise the retaliatory or vindictive prosecution claim by including it in a § 1983 action filed in federal court. When that action was dismissed, petitioner incorporated this claim into the present habeas action. Petitioner clearly desires to pursue this unexhausted claim, having listed this as the first issue in his habeas petition. Given the nature of petitioner's claim, which he apparently grieved as an prison condition issue and then included (albeit improperly) as part of a § 1983 action, the court concludes that petitioner has good cause for failing to exhaust this particular claim in the state court. In addition, petitioner's retaliatory or vindictive prosecution claim, as alleged, is not plainly meritless. Finally, it does not appear that petitioner engaged in dilatory tactics in this matter, having attempted to raise the issue in a § 1983 action and then filing his habeas petition within the one-year limitations period. Accordingly, under the facts of this case, the court concludes that the stay and abeyance procedure set forth in *Rhines* should be applied to this mixed petition.

**IT IS ORDERED** that petitioner's action is hereby stayed until petitioner files a motion to amend his petition to include the *exhausted* Issue I. Such motion must be filed not later than 30 days after a final decision by the Michigan Supreme Court with respect to Issue I and shall include the dates and substance of decision at each step of the state-court review.

**IT IS FURTHER ORDERED** that petitioner may, in the alternative, file a motion to amend his petition to dismiss Issue I, which would allow the Court to address his other claims raised in Issues II, III and IV. Such a motion must be filed not later than 30 days after the entry of this order.

**IT IS FURTHER ORDERED** that if petitioner fails to comply with the deadlines imposed in this order, the Court may dismiss the petition.

**IT IS FURTHER ORDERED** that this case shall be administratively closed until such time a petitioner files a motion to amend his petition in accordance with the procedures set forth in this order.

Dated: August 21, 2013    /s/ Hugh W. Brenneman, Jr.
　　　　　　　　　　　　　　　　　HUGH W. BRENNEMAN, JR.
　　　　　　　　　　　　　　　　　United States Magistrate Judge