UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WAYNE EARL LAFOUNTAIN,

    Petitioner,

Case No. 1:10-cv-783

Hon. Robert J. Jonker

vs.

KENNETH MCKEE,

    Respondent.

_____/

**REPORT AND RECOMMENDATION**

Petitioner, Wayne LaFountain, a prisoner currently incarcerated at a Michigan correctional facility, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is now before the Court on his "Notification and Motion for Judgement and Disposition Re: Habeas Corpus Petition," which has been docketed as a motion for judgment on the pleadings (docket no. 50).

    **I.    Background**

This case has a lengthy history. Petitioner's habeas action seeks relief from a major misconduct ticket issued on June 1, 2006, charging him with insolence and disobeying a direct order. Petitioner contends that the misconduct ticket violated his federal constitutional rights, raising four grounds for relief:

    I.    The misconduct charge and conviction is void for being the result of vindictive prosecution resulting in the forfeiture of petitioner's liberty interest in the form of regular and special good-time.

    II.    Petitioner was denied Fourteenth Amendment procedural due process during the prison misconduct hearing due to the hearing officer's action of suppressing and excising from the record petitioner's exculpatory evidence.

> III. Petitioner was denied Fourteenth Amendment procedural due process of law due to an unconstitutional MDOC policy and custom of disallowing falsification evidence as a defense during the misconduct hearing as a direct result of the provisions as contained within the MDOC hearings handbook.
>
> IV. Petitioner was denied Fourteenth Amendment procedural due process of law due to the unconstitutional MDOC practice and custom of predetermining the credibility of [unsworn] and unsupported misconduct accusations in favor of the accusing corrections officer.

Petition (docket no. 1).

In an order entered on August 21, 2013, the Court determined that petitioner's Issue I (vindictive prosecution) was unexhausted. *See* Order to stay proceedings (docket no. 44). Because petitioner had filed a mixed habeas petition containing exhausted and unexhausted claims, the Court stayed the proceeding, and ordered to perform one of two actions:

> **IT IS ORDERED** that petitioner's action is hereby stayed until petitioner files a motion to amend his petition to include the exhausted Issue I. Such motion must be filed not later than 30 days after a final decision by the Michigan Supreme Court with respect to Issue I and shall include the dates and substance of decision at each step of the state-court review.
>
> **IT IS FURTHER ORDERED** that petitioner may, in the alternative, file a motion to amend his petition to dismiss Issue I, which would allow the Court to address his other claims raised in Issues II, III and IV. Such a motion must be filed not later than 30 days after the entry of this order.
>
> **IT IS FURTHER ORDERED** that if petitioner fails to comply with the deadlines imposed in this order, the Court may dismiss the petition.
>
> **IT IS FURTHER ORDERED** that this case shall be administratively closed until such time a petitioner files a motion to amend his petition in accordance with the procedures set forth in this order.

*See* Order to stay proceedings at p. 14. This order was affirmed on an appeal taken pursuant to W.D. Mich. LCivR 72.3(a). *See* Order (docket no. 49).

**II. Discussion**

Although petitioner did not prevail in his challenge to the August 21, 2013 Order to stay proceedings, he has still not complied with that order, i.e., he has not addressed his mixed habeas petition by either exhausting Issue I or filed an amended petition containing only the exhausted issues (II, III and IV). Rather, petitioner filed his "Notification and Motion" for judgment on his habeas petition. In this document, petitioner acknowledged this Court's ruling that Issue I was not exhausted in the state court. However, rather than follow the procedure afforded him in the August 21, 2013 order, petitioner has chosen to create his own procedure, stating that he "has no intention of returning to state courts for the purpose of seeking a remedy by way of Mandamus" as to Issue I and that he "now moves the court to issue a final disposition and judgment regarding *all habeas corpus claims pending before the court in this case*." *See* Petitioner's Notification and Motion (emphasis added). In short, petitioner has failed to comply with the procedure set forth in the August 21, 2013 Order to stay proceedings, and his mixed habeas petition remains pending and should be dismissed. *See Calhoun v. Bergh*, 769 F.3d 409, 411 (6th Cir. 2014) (district court can properly dismiss a habeas petition based on the petitioner's failure to comply with the conditions of the court's stay); *see also, Rose v. Lundy,* U.S. 509 (1982).

### III.     Recommendation

I respectfully recommend that petitioner's "Notification and Motion" (docket no. 50) be **DENIED** and his petition be **DISMISSED**.


Dated:  April 13, 2015                              /s/ Hugh W. Brenneman, Jr.
                                                    HUGH W. BRENNEMAN, JR.
                                                    United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).