UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WAYNE LaFOUNTAIN,

       Petitioner,                          Case No.  1:10-CV-783

v.                                                  HON. ROBERT J. JONKER

KENNETH McKEE

       Respondent.
_____/

**OPINION AND ORDER
RE REPORT AND RECOMMENDATION**

The matter before the Court is the Magistrate Judge's Report and Recommendation (docket no. 52), recommending that Petitioner's motion, which has been docketed as a motion for judgment on the pleadings (docket no. 50), be denied. The Plaintiff has filed an objection to the Report and Recommendation (docket no. 53).

**I.  STANDARD OF REVIEW**

Under the Federal Rules of Civil Procedure, where a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's

>   disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge, the Report and Recommendation itself, and the Plaintiff's Objections to the Magistrate's Report and Recommendation. After its review, the Court approves and adopts the Magistrate Judge's Report and Recommendation.

Wayne LaFountain is currently incarcerated at a Michigan correctional facility. He has filed a petition for a writ of habeas corpus under 28 U.S.C. section 2254 on the grounds that his being issued a major misconduct ticket, and subsequent loss of good time credits, violated his constitutional rights. The Magistrate Judge found that one of his four claims—the claim of retaliatory or vindictive prosecution of a prison misconduct which resulted in the loss of good time credits—had not yet been exhausted in the state court system, and stayed the action until his habeas petition contained only exhausted claims, either by amending to include the properly exhausted claim, or amending to dismiss the unexhausted claim. (Docket no. 44, Order at 12, PageID # 396.) This Court agreed and denied his Motion for Reconsideration (Docket no. 49, Order at 9–10, PageID # 432–33.) Petitioner then filed this motion, which has been docketed as a motion for judgment on the pleadings, which purported to serve as notification that he had "no intention of returning to state courts" and move for a "final disposition." (Docket no. 50, Mot. at 2, PageID # 435.)

The Report and Recommendation carefully reviews the record and examines the relevant law, and recommends that both motions be denied. The Court finds the Magistrate Judge's Report and Recommendation to be well-reasoned and thorough, and accordingly adopts its conclusion.

## II. LaFOUNTAIN's OBJECTIONS

### A. Exhaustion in State Courts

The Plaintiff's first objection asserts that the Magistrate Judge has "purposefully misdirected" him on the basis that his claim cannot be addressed during a state proceeding. (Docket no. 53, Obj. at 3, PageID # 443.) This is incorrect. As previously explained, Plaintiff's habeas claim challenges the forfeiture of his good-time credits, and so he had an available state remedy by seeking a writ of mandamus. *See, e.g.*, *Melton v. Palmer*, No. 11-15210, 2012 WL 2343043, at *3 (E.D. Mich. June 20, 2012).

### B. Factual Basis for Vindictive Prosecution Claim

In his second objection, Plaintiff asserts that he has fairly presented the facts concerning this claim, and appears to broadly object to the previous rulings by the Magistrate Judge and this Court holding otherwise. (Docket no. 53, Obj. at 3–4, PageID # 443–44.) That is not the issue. The issue, as was outlined in the Court's Order denying his motion for reconsideration, is that he cannot bring a habeas petition before the federal court that includes a claim that was not fully exhausted in the state court. This is why the Court indicated that he had two options: (1) exhaust this claim in state court, and file an amended petition not later than 30 days after a final decision by the Michigan

Supreme Court, or (2) file an amended petition that dismisses the unexhausted claim. (Docket no. 49, Order at 5–10, PageID # 428–32.)

Instead of complying with the Court's Order, Petitioner has filed the instant motion. The Court finds that he has failed to comply with the condition of the stay, and finds that dismissal of his habeas petition is appropriate. See *Calhoun v. Bergh*, 769 F.3d 409, 411 (6th Cir. 2014)*, cert. denied sub nom. Calhoun v. Booker*, 135 S. Ct. 1403, 191 L. Ed. 2d 374 (2015).

### C. Judicial Bias

Finally, Plaintiff objects that in issuing a stay, the courts have "provided the basis for a claim of judicial bias on direct appeal." (Docket no. 53, Obj. at 4, PageID # 444.) The Court disagrees.

### III. CONCLUSION

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (docket no. 52), is accepted; and Petitioner's motion for a judgment on the pleadings (docket no. 50) is **DENIED**.

IT IS FURTHER ORDERED that Petitioner's petition be **DISMISSED**.

**IT IS SO ORDERED.**

Dated:     August 21, 2015            /s/ Robert J. Jonker
                                                                      ROBERT J. JONKER
                                                                      CHIEF UNITED STATES DISTRICT JUDGE